JESS HARRIS, ALIAS ROBERTS, v. THE STATE.

No. 3455.    Decided March 3, 1915.

**1.—Robbery—Sufficiency of the Evidence.**

Where, upon trial of robbery, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Evidence—Arrest—Confessions.**

Where, upon trial of robbery, the evidence showed that the defendant's declarations admitting his guilt were made before arrest, there was no reversible error.

**3.—Same—Evidence—Declarations of Defendant—Withdrawing Evidence.**

Where, upon trial of robbery, the court admitted statements of the defendant which were made before he was arrested, but his witnesses controverted this issue and testified that he was under arrest at the time, and the court, thereupon, withdrew said testimony from the jury, and there was nothing to indicate that defendant believed he was under arrest, there was no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, his punishment being assessed at five years confinement in the penitentiary.

The issue of the sufficiency of the evidence is suggested for reversal. Under the evidence of the State we are of the opinion that the jury was authorized to convict. They could have believed the defendant's side of the case and acquitted, but the solution of this question is with the jury under our law, and we would not feel justified in reversing from that standpoint.

A bill of exceptions shows that Ballard, who was a police officer, was used as a State witness, and testified: "I remember the occasion of Mr. Jim Wright and myself going with this man Standfield somewhere to make an arrest; we arrested this defendant. He said in substance that he did get Standfield's money, and the other fellows got it away from him." Appellant objected to this, and stated as a ground of objection that appellant was under arrest at the time and in custody of the witness. This was overruled by the court. The court qualifies this bill with the following statement: "That the witness Ballard testified that the above statement was made by the defendant before the defendant was arrested. The witness was not allowed to state anything defendant said after the defendant's arrest or while he was under arrest." As this is presented, the bill being accepted by appellant in this condition, we are not justified in reversing for this reason.

There is another bill in which it is shown that Ballard and Jim Wright, police officers, arrested defendant. Ballard testified to statements of the defendant, which shows, under his view of it, appellant was not under arrest at the time. The other witness testified to some matters that leaves it doubtful whether he was under arrest or not, and it is rather more strongly presented that he was under arrest at the time he made certain statements. When this was made to appear the court excluded from the consideration of the jury the statements made by the defendant. The bill is qualified as follows: "The witness Ballard

stated that what he heard the defendant say was stated by the defendant before the defendant was arrested. The witness Wright who was on the opposite side of the automobile, stated what the defendant said in his hearing was made after defendant was arrested, and upon motion of defendant's counsel, when this was developed, the court ordered this testimony stricken out, and instructed the jury not to consider the same. All this will appear from the statement of facts prepared by the court stenographer, and presented by defendant and approved," etc. As this bill is qualified it does not show error. Statements made by the defendant with regard to the transaction before he was arrested would be evidence. There is nothing to indicate defendant believed he was under arrest, or that was operating upon his mind at the time. Wright's testimony indicates there were some statements made after his arrest. Upon discovery of this fact the court excluded it from the consideration of the jury, and instructed them not to consider that part of the testimony. As this matter is presented we are of the opinion that there is no reversible error shown.

These are the only matters presented by the record, and being of the opinion there is no such error committed as requires a reversal of the judgment it is ordered that it be affirmed.

*Affirmed.*